IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § § | Case No.: 3:13-cv-1940-M |
| v. § § | |
| DANIEL BERGIN, § § | |
| Defendant, § § | |
| and § § | |
| JACQUELINE ZAUN, § § | |
| Relief Defendant. § § | |

## AGREED PARTIAL JUDGMENT AS TO DANIEL BERGIN

The Securities and Exchange Commission filed a Complaint, and Defendant Daniel Bergin ("Bergin"): entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to the entry of this Agreed Partial Judgment ("Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment. Therefore:

I.

IT IS HEREBY **ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of

1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER **ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section Section 17(j) of the Investment Company Act of 1940 ("Investment Company Act") [15 U.S.C. § 80a-17] and Rule 17j-1(b)(1), (3), and (4) [17 C.F.R. § 270.17j-1(b)(1), (3), and (4)] promulgated thereunder by, directly or indirectly, in connection with the purchase or sale of a security held or to be acquired by a registered investment company ("Fund"):

    (a)    to employ any device, scheme, or artifice to defraud the Fund;

    (b)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon the Fund; or

    (c)    to engage in a manipulative practice with respect to the Fund.

III.

IT IS FURTHER **ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(j) of the Investment Company Act [15 U.S.C. § 80a-17] and Rule 17j-1(d) [17 C.F.R. §270.17j-1(d)] promulgated thereunder by, while acting as an access person of an investment adviser of or principal underwriter for a Fund, failing to submit initial, quarterly, and annual reports to the Fund, investment adviser, or principal underwriter, information regarding any transaction in a covered security in which he had any direct or indirect beneficial ownership, and information regarding any account he established in which any securities were held during the period of the report for his direct or indirect benefit.

IV.

IT IS HEREBY FURTHER **ORDERED** that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Sections 21(d)(3) and 21A of the Exchange Act [15 U.S.C. §§ 78u(d)(3) and 78u-1] and Section 42(e) of the Investment Company Act [15 U.S.C. § 80a-41(e)].  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from January 1, 2011, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion:  (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent of Daniel Bergin ("Consent") or this Judgment; (c) solely for the

purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

V.

IT IS FURTHER **ORDERED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER **ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**SO ORDERED.**

July 22, 2013.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS